Glenn R. Kantor – SBN 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Stephen Waks

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COUNTY DIVISION

| STEPHEN WAKS, | CASE NO: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) BREACH OF CONTRACT |
| METROPOLITAN LIFE INSURANCE COMPANY., | (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff Stephen Waks herein sets forth the allegations of his Complaint against Defendant Metropolitan Life Insurance Company.

**<u>PRELIMINARY ALLEGATIONS</u>**

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant MetLife Insurance Company (hereinafter "MetLife") is a corporation incorporated in and with its

principal place of business in the State of New York, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.

4. Plaintiff Stephen Waks is a resident and citizen of the County of Sacramento, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE COMPANY FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6. Effective April 8, 1987, MetLife issued a term life convertible insurance policy to Stephen Waks bearing the policy number 847462487. (Hereinafter the "Policy"). Stephen was the owner and insured on the Policy. The Policy had a death benefit of $500,000.00 and was convertible to a whole life policy prior to Stephen's 60 birthday. Stephen converted the policy pursuant to its terms to a whole life policy prior to his 60th birthday.

7. The Policy was issued in California and was always subject to the laws of the State of California.

8. At all times from Stephen paid the premiums on the Policy as they came due, and as advised by MetLife of the amount necessary to keep the policy in full force and effect.

9. In 2021, MetLife incorrectly lapsed his coverage due to alleged non-payment of premiums. All premiums had been timely paid, and through the intervention of the California Department of Insurance, MetLife reinstated the coverage.

10. In 2022, likely due to the problems with the prior year's improper lapse of coverage, Stephen did not receive premium notices or notices of lapse in a timely fashion. After the time in which he could pay his premiums without

providing evidence of insurability, MetLife informed him for the first time in 2022 that his coverage had lapsed, and he could seek reinstatement of his coverage by both paying premiums due and demonstrating that he was in good health and eligible for reinstatement. Unfortunately, by 2022, Stephen was no longer in good health and would not be able to have his coverage reinstated if subject to evidence of insurability. Thus, he has been harmed by the improper lapse of his coverage.

11. At no point prior to the missed premium payments, or at any point thereafter, had MetLife provided Stephen with the right to designate another person to receive notice of lapse or termination of the policy for nonpayment of premiums. MetLife's failure to do so violated California Insurance Code § 10113.72.

12. MetLife's notice of lapse was issued in violation of California Insurance Code §§ 10113.71 and 10113.72 as it was not issued at least 30 days prior to the effective date of the lapse, was not provided by first-class United States mail, and did not provide at least a 60-day grace period from the premium due date.

13. As a direct and proximate result of MetLife's improper refusal to reinstate Plaintiff's life insurance coverage without requiring evidence of insurability, Plaintiff has been deprived of the right to continue receiving insurance coverage under the terms of the Policy.

14. MetLife's conduct constitutes a breach of the insurance contract. As a direct and proximate result of MetLife's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

# SECOND CLAIM FOR RELIEF AGAINST DEFENDANT METROPOLITAN LIFE INSURANCE COMPANYMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

16. MetLife has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding coverage from Plaintiff in bad faith at a time when MetLife knew Plaintiff was entitled to said coverage under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for continued life insurance coverage;

(c) Unreasonably denying coverage to Plaintiff in bad faith knowing Plaintiff's claim for coverage under the Policy was valid;

(d) Intentionally and unreasonably applying claimed Policy provisions so as to limit MetLife's financial exposure and contractual obligations and to maximize profits;

(e) Knowingly denying coverage while having failed to comply with Cal. Ins. Code §§ 10117.71 and 10113.72 which would have served to have kept the Policy in full force and effect;

(f) Unreasonably compelling Plaintiff to institute litigation to recover coverage due under the Policy in an effort to further discourage Plaintiff from pursuing his full policy coverage;

17. Plaintiff is informed and believes and thereon alleges that MetLife has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or

omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

18. As a proximate result of the wrongful conduct of MetLife, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

19. As a further proximate result of the wrongful conduct of MetLife, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

20. As a further proximate result of the wrongful conduct of Plaintiff, Plaintiff was compelled to retain legal counsel to obtain the coverage due under the Policy. Therefore, MetLife is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy coverage in a sum to be determined at the time of trial.

21. MetLife's conduct described herein was intended by MetLife to cause injury to Plaintiff, was despicable conduct carried on by MetLife with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Plaintiff with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of MetLife.

22. MetLife's conduct in wrongfully terminating and denying life insurance coverage to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare.

23. Plaintiff is a senior citizen within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against MetLife as follows:

1. Damages for failure to provide life insurance coverage under the Policy, in an amount to be determined at the time of trial but in excess of $500,000.00, including prejudgment interest, and any overpaid premiums;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,500,000.00;

3. Punitive and exemplary damages in an amount in excess of $3,000,000.00;

4. A trebling of any punitive damages awarded pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: December 6, 2022          KANTOR & KANTOR, LLP

                                 By: /s/ Glenn R. Kantor
                                     Glenn R. Kantor
                                     Attorneys for Plaintiff,
                                     Stephen Waks

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 6, 2022                    KANTOR & KANTOR, LLP

                                By:    */s/ Glenn R. Kantor*
                                       Glenn R. Kantor
                                       Attorneys for Plaintiff,
                                       Stephen Waks